UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARTHA STACK,                              )
                                           )
            Vs.                            )      No.
                                           )
LIBERTY LIFE ASSURANCE COMPANY             )
OF BOSTON,                                 )
                                           )
                                           )
            Defendant.                     )

COMPLAINT

Now comes the Plaintiff, MARTHA STACK, by her attorney,

ROGER S. HUTCHISON, and complaining against the defendant,

states:

1.    Jurisdiction of the court is based upon the Employee

Retirement Income Security Act of 1974 (ERISA); and in

particular, 29 U.S.C. Sect. 1132(e)(1) and 1132(f).  Those

provisions give the district courts jurisdiction to hear civil

actions brought to recover benefits due under the terms of an

employee welfare benefit plan which, in this case, consists of

a group long-term disability insurance plan administered by

Liberty Life Assurance Company of Boston ("LIBERTY") for the

benefit of employees, including the Plaintiff, of Wells Fargo

& Company.

2.    The ERISA statute provides, at 29 U.C.C. Sect. 1133, a mechanism for administrative or internal appeal of benefit denials.

3.    Plaintiff has exhausted all of her pre-suit appeals. Venue is proper in the Northern District of Illinois 29 U.S.C. Sect. 1132(e)(2), 28 U.S.C. Sect. 1391.

**Nature of Action**

4. This is a claim seeking recovery of disability income benefits due under an employee benefits plan, which provided long term disability benefits under policy number GF3-850-289424-01. ("the Policy")(a true and accurate copy of the policy is attached hereto as Exhibit "A")  This action is brought pursuant to Sect. 502(a)(1)(B)of ERISA (29 U.S.C. Sect. 1132 (a)(1)(B).  Plaintiff also seeks attorney's fees pursuant to 29 U.S.C. Sect. 1132(g) and ERISA Sect. 502(g).

**The Parties**

5.    MARTHA STACK, age 57 (born in 1963), is a resident of the City of Barrington, Illinois, and many of the events, transactions and occurrences relevant to Plaintiff's claim of disability took place within the State of Illinois, during Plaintiff's employment at Wells Fargo & Company ("Wells Fargo"), in the City of Barrington, Illinois.

6.    At all times relevant hereto, the Policy constituted

2

an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1). Incident to her status as an employee of Wells Fargo & Company, Plaintiff received coverage under the Policy as the "Insured" as defined by Sect. 1002(7). This claim relates to benefits under the foregoing LTD Policy.

7.    At all times relevant hereto, the LTD policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1); and incident to her employment, MARTHA STACK received coverage under the Policy as a "participant" as defined by 29 U.S.C. Sect. 1002(7).

**Statement of Facts**

8.    MARTHA STACK was actively and successfully employed by Wells Fargo as an Associate Financial Advisor, until September 9, 2019, when she had to cease working due to a fall which led to subsequent Post-Concussion Syndrome, until she was able to return to work full-time on August 25, 2020, after she was released to return to work by her treating neurologist.

9.    MARTHA STACK did not engage in any substantial gainful activity between September 9, 2019 and August 24, 2020.

10.    MARTHA STACK initially filed a claim for short term disability benefits, was found to be disabled and was paid short term disability benefits from September 9, 2019 until March 9, 2020, at which point she had satisfied the

180 day elimination period under the LTD Policy.

11. While receiving short term disability benefits, MARTHA STACK filed an application for long term disability benefits under the LTD Policy, alleging that her disabling medical conditions rendered her unable to work, and citing to medical treatment that evidenced her disability.

12. By decision letter dated April 24, 2020, LIBERTY found that MARTHA STACK's disability did not satisfy the applicable definition of disability, as set forth in the Policy, and denied the application for Long Term Disability benefits.

13. After receiving LIBERTY's denial of long term disability benefits, MARTHA STACK, with the assistance of counsel, filed a detailed appeal of the benefits denial which contained substantial medical and other evidence that support MARTHA STACK's claim that her medical problems met the definition of disability under the policy as of March 9, 2020 and continuing.

14. Without cause or reasonable justification, LIBERTY subsequently issued a second denial of Benefits on October 15, 2020, reiterating the position that the evidence did not support disability as of March 9, 2020.

15. LIBERTY's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

4

16. MARTHA STACK is entitled to long-term disability benefits from March 9, 2020 to August 24, 2020 at $4,396.15 per month, plus interest on all overdue payments at the rate of 9% in accordance with 215 ILCS 5/357.9 or 357.9a, and continuing benefits.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.   That the court enter judgment in Plaintiff's favor and against the Defendant for Plaintiff's past-due long term disability income benefits under the Policy;

B.   That the court order the defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at a rate of 9% in accordance with 215 ILCS 5/357.9;

C.   That the court award attorneys' fees pursuant to 29 U.S.C. Sect. 1132(g); and

D.   That Plaintiff recover all costs of suit.

Respectfully submitted,

/s/ *Roger S. Hutchison*
Attorney for Plaintiff

Roger S. Hutchison
Hutchison Law
16860 South Oak Park Avenue
Suite 101
Tinley Park, Illinois 60477
708-532-7777